UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISHON M. ARCHIELD**  LA. DOC #375640 | : | CIVIL ACTION NO. 2:14-cv-605  SECTION P |
| **VERSUS** | : | JUDGE TRIMBLE |
| **WARDEN, LOUISIANA STATE PENITENTIARY A/K/A N. BURL CAIN** | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Chrishon M. Archield (hereinafter "Archield"). Archield is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

The pleadings and exhibits tendered by Archield with his original habeas petition were insufficient to establish whether the petition should survive initial review.  Thus, this court ordered him to amend his petition to provide documentation establishing, among other things, the date on which he filed his writ of *certiorari* in the Louisiana Supreme Court on direct review. Doc. 5. Archield responded [doc. 6] to the amend order, providing most of the requested information and documentation.  The new documentation was incorporated into the court's chronology of events relevant to this matter.

Archield was convicted following a jury trial in the Thirty-Sixth Judicial District Court, Parish of Beauregard, of one count of aggravated rape and one count of aggravated burglary. Doc. 1, p. 3-4. He was sentenced on June 26, 2009 to life imprisonment without the benefit of probation, parole, or suspension of sentence for the aggravated rape and thirty years imprisonment at hard labor for the aggravated burglary. *Id*. at 3. The trial court ordered the sentences to be served consecutively. *Id.*

On October 19, 2009, Archield's attorney appealed his convictions and sentences to the Third Circuit Court of Appeal. Doc. 6, att. 1, pp. 2-19. On April 7, 2010, the court affirmed the convictions, affirmed the aggravated burglary sentence, and affirmed but amended the aggravated rape sentence to reflect the deletion of the portion of the sentence denying diminution of sentence. Doc. 6, att. 1, p. 87. On the same day, the Third Circuit filed a notice of judgment and certificate of mailing. Doc. 6, att. 1, p. 86. Archield received the denial from his attorney on April 12, 2010. *Id.* at 81-83.

On May 12, 2010, Archield sought further review with the Louisiana Supreme Court. Doc. 6, att. 1, p. 20, 22, 43, 44, 45. On May 20, 2011, the Louisiana Supreme Court denied relief. Doc. 1, att. 2, p. 2. Archield states that he received the court's ruling on May 24, 2011, while at Elayn Hunt Correctional Center in St. Gabriel, Louisiana, during a state of emergency evacuation. Doc. 1, p. 15.

On May 14, 2012, Archield mailed an application for post-conviction relief (hereinafter "PCR"). Doc. 1, p. 5. The application was received by the Thirty-Sixth Judicial District Court on May 17, 2012. Doc. 1, att. 2, p. 3. On August 7, 2012, the court issued reasons for judgment, wherein it dismissed the majority of Archield's claims but ordered the state to file procedural objections or an answer on the merits as to his claims of constructive amendment of the indictment,

and the availability of subpoenaed phone records.  Doc. 1, att. 2, pp. 3, 4.  On December 20, 2012, the court denied the remaining PCR claims citing Louisiana Code of Criminal Procedure article 929, which states that the court may grant or deny relief based on the application and answer and supporting documents.  Doc. 1, att. 2, p. 8.   The court filed a notice of judgment on December 26, 2012.  Doc. 1, att. 2, p. 7.  Archield states that he received the judgment on January 2, 2013.  Doc. 1, p. 11.

On January 7, 2013, Archield filed a notice of intent to appeal to the Third Circuit Court of Appeal.  Doc. 1, att. 2, p. 9.  He was ordered to file the writ application by February 11, 2013.  Doc. 1, att. 2, p. 11.  He placed the application in the mail on February 8, 2013 [doc. 1, att. 2, p. 16] and same was received by the court on February 14, 2013.  Doc. 1, att. 2, p. 14.  Finding no error in the trial court's August 7, 2012, or December 20, 2012, denial of his May 2012, application for post-conviction relief, the Third Circuit denied relief on June 27, 2013.  Doc. 1, att. 2, p. 17.  He states that he received the denial on July 1, 2013.  Doc. 1, p. 11.

Archield then mailed an application for supervisory and/or remedial writs to the Louisiana Supreme Court on July 24, 2013.  Doc. 1, att. 2, pp. 19, 20.  The application was filed with the court on July 26, 2013. Doc. 1, att. 2, p. 18.  On February 21, 2014, the court denied relief due to untimely application. Doc. 1, att. 2, p. 21.

Archield filed the instant habeas petition on March 20, 2014.  He raises the same grounds for relief that were raised in direct appeal and/or the application for post-conviction relief, namely: (1) double jeopardy; (2) constitutionality of "lustful disposition" evidence; (3) ineffective assistance of counsel; and (4) that the trial court constructively amended the indictment during jury instructions.  Doc. 1, pp. 7, 8, 9, 10, 12.

## II.
### TIMELINESS UNDER SECTION 2244(d)(1)(A)

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Therefore, the court must apply the timeliness provisions of the AEDPA. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

However, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction relief or other collateral review … is pending in state court shall not be counted toward any period of limitation under this section." *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). Any lapse of time before the proper filing of an application for post-conviction relief in state court is however counted against the one-year limitation period. *Villegas,* 184 F.3d at 472, citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

### A. *Finality of Judgment*

The Fifth Circuit has explained that the "AEDPA, not state law, determines when a judgment is final for federal habeas purposes." *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006) (citation and internal quotation marks omitted). However, the court looks to state law to determine how long a prisoner had to file a direct appeal, which is a necessary part of the finality inquiry. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

In the present case, Archield contends that the limitations period began to run on April 12, 2010, when he received the Third Circuit's notice of judgment.  This argument is without merit.  Louisiana Supreme Court Rule X, § 5(a) provides that "[a]n application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." The Rule also states that "[n]o extension of time therefor will be granted." *Id*.  Thus, Archield had a period of thirty days following the April 7, 2010, mailing of the Third Circuit's notice of judgment within which to file his writ application in the Louisiana Supreme Court.  His writ application was not filed within the thirty-day limitation period; rather, it was filed on May 12, 2010, five days after the period had expired.

Further, Rule X, § 5(a) is a procedural requirement governing the time of filing. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and therefore, an untimely petition is not "properly filed" for purposes of statutory tolling, as it cannot even be initiated or considered). Thus, as Archield did not timely file for review in the Louisiana Supreme Court, his conviction became final on May 7, 2010, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Therefore, Archield had one year from finality on May 7, 2010, or until May 7, 2011, to file his federal habeas corpus petition, which he did not do.

Based on the above, Archield's petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

### B.  *Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(2)*

Section 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one-year period. Archield filed his application for post-conviction relief on May 14, 2012.  However, this application did not toll limitations as by the time it was filed, the one-year period of limitation had long expired and could not be revived.

### C.  *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Archield does not allege any facts that support a finding of equitable tolling.  He has not alleged that he was actively misled nor has he alleged that he was prevented in some extraordinary way from asserting his rights.  Equitable tolling does not apply.

## III.
### CONCLUSION

In the absence of any evidence warranting statutory or equitable tolling, the court finds that Archield's *habeas corpus* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

**service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

      THUS DONE AND SIGNED in Chambers this 27th day of August, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE